UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DIANA BARKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL NO.:  4:22-cv-14 |
| MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Reconsider Plaintiff's Motion to Compel [DE 48] and Motion to Stay Discovery Pending Resolution of the Motion to Reconsider [DE 50], filed by the defendants, Midland Credit Management, on December 16, 2022, as well as the Motion for Extension of Time to Complete Discovery [DE 56], filed by the plaintiff, Diana Barker, on January 28, 2023. It is ordered that the Motion to Reconsider [DE 48] is **GRANTED in part**. The Motion to Stay Discovery [DE 50] is **DENIED**, and the plaintiff's Motion for Extension of Time [DE 56] is **GRANTED**.

*Background*

The plaintiff, Diana Barker, initiated this matter in Indiana State Court on December 31, 2021, against the defendant, Midland Credit Management, Inc. (Midland), alleging violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practices Act (FDCPA). Midland removed the case to this court on March 2, 2022.

In December 2019, Barker filed a separate collection case against Midland in Indiana State Court. The case concluded in September 2021, when the court denied Midland's motion for

summary judgment and entered summary judgment in favor of Barker concerning the collectability of the account. Barker then filed the instant lawsuit in December 2021 claiming that Midland mistakenly verified Barker's account in response to dispute letters it received from her between the conclusion of the collection case in September 2021 and November 2021. The mistake occurred because its collection attorney failed to report the entry of the adverse summary judgment ruling.

A discovery dispute arose and on August 29, 2022 Barker filed a motion to Compel Depositions [DE 22], seeking to compel the depositions of the Midland dispute investigators, their supervisor, and the person responsible for the credit reporting and dispute policy. This court granted Barker's Motion to Compel on November 1, 2022 [DE 46]. On December 16, 2022, Midland filed the instant Motion for Reconsideration [DE 48] and Motion to Stay Discovery [DE 50]. On January 28, 2023 the plaintiff filed her Motion for Extension of Time to Complete Discovery [DE 56].

*Discussion*

The **FCRA** and the **FDCPA** are intended to remedy abuses practiced by credit and collection companies. A debtor, or someone who allegedly owed a debt, often was subjected to various forms of harassment, both at home and at the place of employment. Even if a party claiming a violation of either statute cannot prove actual damages, that party is entitled to statutory damages plus attorney fees. Like other federal remedial statutes, the provision for attorney fees assists plaintiffs in finding attorneys where the damages are nominal.

All too often, an attorney will disregard the professionalism expected of a member of the bar and file a lawsuit seeking nominal damages for the plaintiff in hopes of obtaining a substantial

2

attorney fee award. One of the best ways to increase the fee award is to engage in excessive, and often abusive, discovery. For good cause, Midland is making that accusation in this case.

The relevant facts are not, and never have been, in dispute. In summary, Barker's attorney is pursuing a case for punitive damages against Midland based on the failure of one of its attorneys to timely report a judgment in state court favorable to Barker. In spite of actual damages less than $100, Barker's attorney has refused to make any settlement demand, including one based on punitive damages. This court cannot think of a good faith, professional reason for that refusal. Rather, using the statutes designed to protect consumers as a sword, not a shield, is a more likely explanation.

The November 1, 2022 order considered the merits of the case to the extent permitted in resolving a discovery dispute. The order will be modified in one respect only. Any deposition scheduled by Barker will be limited to one hour of questions by her attorney.

The remaining issues raised by Midland should be addressed to the assigned district judge in a motion filed under **28 U.S.C. § 1927**.

For the foregoing reasons the defendant's Motion to Compel Depositions [DE 48] is **GRANTED in part**. The defendant's Motion to Stay Discovery [DE 50] is **DENIED**.

The plaintiff's Motion for Extension of Time [DE 56] is **GRANTED**. The court extends all discovery deadlines to May 31, 2023.

ENTERED this 15th day of February, 2023.

/s/ Andrew P. Rodovich
United States Magistrate Judge